SRM

**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Emmanuel Senyo Agyeman,** | |
| Plaintiff | CV-04-0863-PHX-NVW (JI) |
| -vs- | **ORDER** |
| **John Higgs, et al.,** | |
| Defendant(s) | |

Under consideration is Defendant Higgs' Motion to Dismiss, filed March 18, 2005 (#21). Defendant Higgs moves to dismiss on the basis that he is entitled to qualified immunity, and that the Plaintiff's claims against Defendant Higgs are founded upon theories of *respondeat superior* which are not applicable in this *Bivens* action. On March 31, 2001, the Court directed Plaintiff to respond to the motion on or before April 18, 2005, and warned Plaintiff that failure to respond could be deemed a consent to the granting of the motion "and the Court may dispose of the motion summarily." (Order 3/31/05 at 1, quoting Local Rule 1.10(i), now Local Rule of Civil Procedure 7.2(i).)

On April 5, 2005, Plaintiff filed his "Opposition to Motion to Dismiss and Request for Extension of Time to File Reply" (#23), arguing that Plaintiff had been ordered on appeal to be appointed counsel in a related case. Plaintiff sought an unspecified extension of time to "gather the necessary evidence to rebut the allegations in defendants' motion." (#23 at 1.) On April 18, 2005, Magistrate Judge Irwin construed the filing as a motion for extension of time, and denied the motion and ordered Plaintiff to respond to the motion to dismiss within ten days. (#24) In the ensuing five and a half months, Plaintiff has not objected to the

1 Magistrate Judge's order, nor has Plaintiff responded to the motion to dismiss nor otherwise
2 acted to further prosecute this action..

3   Local Rule of Civil Procedure 7.2(i), formerly Local Rule 1.10(i), provides that a party's failure to respond to a motion may, in the Court's discretion, be deemed a consent to the Court's granting of the motion. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (holding that the district court did not abuse its discretion by summarily granting the defendants' motion to dismiss pursuant to a local rule where the pro se plaintiff had time to respond to the motion but failed to do so). *But see Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (discretion to rule summarily "is necessarily abused when exercised to grant a motion for summary judgment where the movant's papers are insufficient to support that motion or on their face reveal a genuine issue of material fact" (emphasis added) ).  In light of the time available to Plaintiff to respond, and the repeated warnings about his failure to do so, Plaintiff's failure to respond will be deemed a consent to the granting of the motion.

**IT IS THEREFORE ORDERED** that Defendant Higgs' Motion to Dismiss, filed March 18, 2005 (#21) is **GRANTED**.

**IT IS FURTHER ORDERED** that within ten days of the filing of this Order, Plaintiff shall show cause why this action should not be dismissed for failure to prosecute.

DATED this 11th day of October, 2005.

_Neil V. Wake_
Neil V. Wake
United States District Judge